IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. BROWN, #011578, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-442-X-BN |
| TODD MORRIS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher D. Brown, incarcerated at the Navarro County jail, submitted a *pro se* filing in this district that was construed as a civil complaint including alleged violations of his civil rights. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Brown amended his allegations through verified responses to a screening questionnaire and by completing the form 42 U.S.C. § 1983 complaint. *See* Dkt. Nos. 8 & 9. And, through a separate order, the Court will grant Brown's motion for leave to proceed *in forma pauperis* [Dkt. No. 10] under the Prison Litigation Reform Act ("PLRA").

The PLRA requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any

portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Considering Brown's allegations as amended under the PLRA, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss this lawsuit.

## Discussion

Brown alleges that Defendant Todd Morris, identified as a "public servant" employed by the Navarro County Sheriff's Office and then by the Corsicana Police Department, assaulted him on multiple occasions: in 1989; on September 21, 1992; in 2011; and on December 8, 2010. Dkt. No. 9 at 4.

To the extent that Brown alleges that these assaults violated his constitutional rights, "[l]imitations for a § 1983 claim are determined by the 'forum state's general or residual personal-injury limitations period.'" *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing, in turn, *Owens v. Okure*, 488 U.S. 235, 249-50 (1989))).

"Texas is the forum state, and its limitations period for personal injury claims is two years," which "starts running once a claim accrues – that is, 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003; quoting *Edmonds*, 675 F.3d at 916 (quoting, in turn, *Helton v. Clements*, 832 F.2d

332, 335 (5th Cir. 1987))).

As Brown alleges, that moment was most recently December 8, 2010, the date of the last alleged assault – more than 13 years before he filed this lawsuit. *Cf. Kopecki v. City of Corpus Christi*, Civ. A. No. C-06-513, 2007 WL 320975, at *4 (S.D. Tex. Jan. 30, 2007) ("Plaintiff's Section 1983 claim for excessive force accrued on September 8, 2004, the date of her arrest. The excessive force took place on that night, Plaintiff knew it took place, and as of September 8, 2004, when Plaintiff was allegedly 'hog tied,' 'thrown against the wall' and 'thrown to the ground,' Plaintiff knew, or had reason to know, of the injury which is the basis of her excessive force claim." (cleaned up)).

That claims are subject to dismissal based on a statute of limitations is typically an affirmative defense.

But Brown filed this lawsuit IFP, subjecting the complaint to judicial screening under 28 U.S.C. § 1915(e) and § 1915A.

And, if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma*

*pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

That is the case here. The face of the complaint makes it clear that the claims are time barred.

Nonetheless, "a litigant is entitled to equitable tolling of a statute of limitations" "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts still require *pro se* parties to fundamentally abide by the rules that govern the federal courts. So *pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, and brief arguments on appeal. Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (cleaned up; quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of

equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Brown has alleged no facts to show either that an extraordinary circumstance prevented the timely filing of this suit or that he pursued his rights with reasonable diligence, so his claims as amended should be dismissed with prejudice as barred by the statute of limitations. *Cf. Johnson*, 83 F.4th at 945 ("Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling." (quoting *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing, in turn, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)))).

Even so, the time to file objections to this recommendation (as further explained below) allows Brown an opportunity to show the Court that his claims should not be dismissed with prejudice at this time but that the Court should instead grant him further leave to amend them. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

## Recommendation

Unless Plaintiff Christopher D. Brown satisfactorily shows through timely

objections a basis to amend the complaint to allege a plausible claim that is not time barred, the Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 27, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE