IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. BROWN, #011578, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-442-X-BN |
| TODD MORRIS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher D. Brown, incarcerated at the Navarro County jail, submitted a *pro se* filing in this district that was construed as a civil complaint including alleged violations of Brown's civil rights. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Brown amended his allegations through verified responses to a screening questionnaire and by completing the form 42 U.S.C. § 1983 complaint. *See* Dkt. Nos. 8 & 9. Through a separate order, the Court granted Brown's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 10] under the Prison Litigation Reform Act ("PLRA"). And, on August 13, 2024, the Court entered judgment dismissing Brown's claims with prejudice under the PLRA, for failure to state a claim – specifically because the face of Brown's complaint as amended, filed IFP, makes it clear that his claims are time barred. *See* Dkt. Nos. 12-16.

Within 28 days, Brown filed a motion for reconsideration [Dkt. No. 17].

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)).

So, upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A).[1]

---

[1] *Compare Washington*, 2022 WL 2527665, at *1 ("Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of

The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Under these standards, Brown fails to show a basis for this remedy.

Controlling law has not changed since the Court entered judgment; he presents no newly discovered evidence that could question the correctness of the judgment; nor does he show that the Court need correct a manifest error of law or fact.

---

appeal ineffective until an order is entered disposing of the post-judgment motion. Because Washington filed objections to the district court's dismissal of his § 1983 complaint within 28 days of the entry of final judgment, those objections are properly construed as a Rule 59(e) motion. The district court has not yet ruled on Washington's Rule 59(e) motion; therefore, his notice of appeal is not yet effective, and this appeal is premature." (citations omitted)), *with Wilmington Savs. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (per curiam) ("Successive motions under Rule 59(e), however, 'will not indefinitely toll the prescribed period for filing a notice of appeal.' As one of our sister circuits put it, 'A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock.'" (citations omitted)).

In fact, Brown's motion for reconsideration fails to address the basis for the dismissal of his claims with prejudice – that they are time barred.

So, in sum, Brown offers no compelling reasons to reconsider the Court's decision to dismiss his claims with prejudice. And the Court should deny the motion for reconsideration construed as a motion under Rule 59(e).

## Recommendation

The Court should deny Plaintiff Christopher D. Brown's construed motion under Federal Rule of Civil Procedure 59(e) [Dkt. No. 17], and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 9, 2024

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE